# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH STINES,

        Plaintiff,                          Case Number: 06-CV-11855

v.                                            HONORABLE PAUL D. BORMAN

RICHARD G. CONVERTINO,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Joseph Stines has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Federal Detention Center in Milan, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint without prejudice.

Plaintiff is incarcerated pursuant to a conviction for conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. *United States v. Stines*, No. 98-80812 (E.D. Mich.). Plaintiff claims that the defendant, former Assistant United States Attorney Richard Convertino, coerced at least one prosecution witness to give false testimony at Plaintiff's trial. Because Plaintiff's complaint challenges the conduct of a federal prosecutor, his claim is properly filed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1981), rather than 42 U.S.C. § 1983.

A judgment in favor of Plaintiff on the claims contained in his complaint would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.  The Supreme Court's holding in *Heck* applies with equal force to a civil rights action brought pursuant to *Bivens*.  *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco, and Firearms*, 401 F.3d 419, 434 (6th Cir. 2005).

Currently pending in this Court is Plaintiff's motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he challenges his conviction based upon defendant Convertino's conduct.  Plaintiff's instant claims under *Bivens* may not be sustained unless he can demonstrate that his conviction has been invalidated.  Therefore, the Court shall dismiss the complaint without prejudice to Plaintiff's right to seek relief under *Bivens* upon resolution of his § 2255 motion.

According, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 11, 2006.

        S/Jonie Parker
        Case Manager